# The Sarah Thorp.

## The America.

## Thames Towboat Co. v. The Sarah Thorp.

## Allen et al. v. The America.

*(Circuit Court of Appeals, Second Circuit. February 16, 1892.)*

COLLISION—STEAM VESSELS MEETING—LIGHTS—HELM.
    The steamer S. T. and the tug A. met at night in Long Island Sound. The A. alleged that she saw all the lights of the steamer about a mile away, and ported; that, not losing the steamer's green light. she blew one whistle, and again ported; that, hearing thereafter two whistles from the steamer, she blew alarm whistles, and reversed. The steamer alleged that she saw only the green light of the tug; that she starboarded to pass under the stern of a sailing vessel; that thereafter she heard two whistles from the tug, and further starboarded, and her two whistles were repeated; that, though she shortly afterwards saw that the A. was coming to port, she kept on at full speed, her only chance to avoid collision, by that time, being to get across the bows of the tug. The latter hit the steamer on her starboard side about amidships. The court finding, on the evidence, that the vessels were meeting end on, or nearly so, *held*, that the failure of the steamer to appreciate the relative positions of the vessels, and her consequent starboarding, were the causes of the collision, for which, therefore, the steamer was in fault. 44 Fed. Rep. 637, affirmed.

In Admiralty. Appeals from decrees of the district court of the United States for the district of Connecticut, sustaining the libel of the owners

of the America against the Sarah Thorp, and dismissing the libel of the owners of the Sarah Thorp against the America. 44 Fed. Rep. 637. The owners of the Sarah Thorp appealed from both decrees to this court. Affirmed.

*James Parker*, for the Sarah Thorp.

*Samuel Park*, for the America.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. We agree with the conclusions of the district judge that the vessels were meeting end on, or nearly so, and that the Thorp failed to appreciate the situation by reason of her effort to avoid the sailing vessel, a maneuver which placed her in danger of collision with the America. The new testimony as to the usual courses of boats such as the America, when coming up the Sound under like conditions of wind and tide, does not seem to us to warrant the rejection of her positive testimony that she passed near Stratford point. The course sworn to by her master is not unreasonable, harmonizes with subsequent events, and would bring the vessels into view of each other, end on or nearly so; moreover, the testimony from the America is corroborated by the independent witness from the barge in tow. The decree of the district court is affirmed, with costs.